UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

VINCENT ROSA,

                                      Plaintiff,    COMPLAINT AND
                                                            JURY DEMAND

        -against-

SERGEANT J. WIAND, LIEUTENANT PHIPPS,
CORRECTION OFFICER A. MURDOCH,
CORRECTION OFFICER C. EDDY, CORRECTION
OFFICER CHRISTOPHER GAMMONE, CORRECTION
OFFICER MICHAEL CHILDRESS, CORRECTION
OFFICER PRIATANO, CORRECTION OFFICER
MORRIS, CORRECTION OFFICER CERRATO AND
JOHN DOE CORRECTION OFFICERS #1-3,

                                                       Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution and secured by 42 U.S.C. §1983.

2. The claim arises from a June 5, 2015 incident in which Officers of the New York State Department of Corrections and Community Supervision ("DOCCS") at Downstate Correctional Facility acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, excessive force, violations of due process and deprivation of liberty.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.  The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a).

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

6. Venue is laid within the Southern District of New York pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District.

## PARTIES

7. At the time of this incident, plaintiff was in the custody of DOCCS at Downstate Correctional Facility ("Downstate"), in the jurisdiction of Dutchess County, State of New York.

8. Defendant Correction Officers, upon information and belief, were employees of DOCCS on June 5, 2015 and were acting in the capacity of an agents, servants and employees of the State of New York, and acting under color of state law. On information and belief, defendants worked at Downstate Correctional Facility at the time of the incidents alleged in this complaint, and participated in or witnessed and failed to intervene in the assault of plaintiff and are sued in their individual capacities.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

FACTUAL ALLEGATIONS

10. On June 5, 2015, at approximately 12:45PM, plaintiff was escorted from his cell at Downstate Correctional Facility to a transport van waiting outside. Plaintiff was scheduled to be transferred to Upstate Correctional Facility. Plaintiff was handcuffed and shackled.

11. As plaintiff stepped into the van as instructed, he was violently shoved by the defendant officers causing his head to hit the opposite side of the van. The defendant officers then began punching plaintiff in the head and body. After several strikes, plaintiff felt his legs being pulled and felt a sudden sharp pain to his foot. He also felt pressure being applied directly to his eye. Plaintiff was pulled to an upright position on the back seat and then struck again in the face. Plaintiff lost consciousness.

12. Approximately five hours later, plaintiff awoke at Upstate Correctional Facility. He was covered in blood and in extreme pain. The escort officers carried him into the facility and left him there. The medical staff at Upstate immediately noticed the extent of plaintiff's injuries and had him transferred to the Emergency Room at a nearby facility.

13. Plaintiff was diagnosed with multiple injuries including abrasions on his left arm, right wrist, right shoulder, right eye area, and right ear. He also sustained a broken toe. He received stiches to both his face and behind his ear. Plaintiff continues to suffer from vision problems and other long term effects from the assault.

14. At all times during the events described above, the Corrections Officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other

during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

15. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

16. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

   c. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d. Violation of his New York State Constitutional right under Article 1, Section 5, to be free from cruel and unusual punishment;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and increased levels of anxiety.

   g. Deprivation of his liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

17. The above paragraphs are here incorporated by reference.

18. Defendants acted under color of law and conspired to deprive plaintiff of his

civil, constitutional and statutory rights to be free from cruel and unusual punishment under the Eighth Amendment when defendants assaulted and battered plaintiff, causing severe damage.

19. Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

|  |  |
|---|---|
| | Respectfully yours, |
| DATED:   October 17, 2016<br>          Brooklyn, New York | *Nicole Bellina* |
| TO: | By: Nicole Bellina |
| Sergeant J. Wiand | Stoll, Glickman & Bellina, LLP |
| Lt. Phipps | Attorneys for Plaintiff |
| Officer Cerratto | 475 Atlantic Ave. Fl.3 |
| Officer Christopher Gammone | Brooklyn, NY  11217 |
| Officer Priatno | (718) 852-3710 |
| Officer Morris | |
| Officer Michael Childress | |
| Officer A. Murdoch | |
| Officer C. Eddy | |
| Downstate Correctional Facility | |
| 121 Red Schoolhouse Road | |
| P.O. Box 445 | |
| Fishkill, New York 12524-0445 | |