UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
VINCENT ROSA,

                          Plaintiff,

-against-

SERGEANT J. WIAND, LIEUTENANT PHIPPS,
CORRECTION OFFICER A. MURDOCH,
CORRECTION OFFICER C. EDDY, CORRECTION
OFFICER CHRISTOPHER GAMMONE, CORRECTION
OFFICER MICHAEL CHILDRESS, CORRECTION
OFFICER PRIATANO, CORRECTION OFFICER
MORRIS, CORRECTION OFFICER CERRATO AND
JOHN DOE CORRECTION OFFICERS #1-3,

                          Defendants.
------------------------------------------------------------------- x

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 8/31/2017 |

16 Civ. 8323 (PAE)

**STIPULATON OF
SETTLEMENT,
GENERAL RELEASE,
AND ORDER
OF DISMISSAL**

This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiff Vincent Rosa ("Plaintiff") and Defendants Wiand, Phipps, Murdoch, Eddy, Gammone, Childress, and Cerrato (collectively, "Represented Defendants") as of May 26, 2017:

WHEREAS, Plaintiff commenced this action by filing a complaint on or about October 25, 2016 (the "complaint"), in this Court, Case Number 16 Civ. 8323, against Defendants Wiand, Phipps, Murdoch, Eddy, Gammone, Childress, Priatno,[1] Morris, and Cerrato (collectively, "Defendants"), in the above-captioned action ("the Action"), alleging that Defendants violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment; and

WHEREAS, Represented Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

---
[1] Defendant Priatno is incorrectly named in the complaint as "Officer Priatano."

WHEREAS, Plaintiff and Represented Defendants wish to fully resolve the claims alleged in the complaint in the Action, and any and all other disputes, whether known or unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiff nor any of the Represented Defendants is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than this Action and the Notice of Intention to File a Claim, referenced in Paragraph 9 of this Settlement Stipulation and attached hereto as Exhibit B, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Represented Defendants hereby agree as follows:

**1.   Dismissal of the Action With Prejudice**

The Action, and all claims asserted therein are discontinued with prejudice against all Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

**2.   Payment to Plaintiff and Plaintiff's Attorneys**

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Represented Defendants shall pay the gross amount of One Hundred Forty-Five Thousand Dollars ($145,000), in full satisfaction of any and all claims,

allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

The State of New York, on behalf of the Represented Defendants, shall pay to Plaintiff the sum of One Hundred Forty-Five Thousand Dollars ($145,000), for which an I.R.S. Form 1099 shall be issued, in full satisfaction and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff that were or could have been the subject of any claim in the Action, including but not limited to any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, with the exception of Plaintiff's potential action against DOCCS and the State of New York relating to the insertion and operation of a mesh hernia medical device, provided that such potential action does not allege claims that relate in any way to: (a) the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in this Action; or (b) the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Notice of Intention to File a Claim filed by Plaintiff in the New York State Court

of Claims, dated June 12, 2015, a copy of which is annexed hereto as Exhibit B. This payment is further issued in full and complete satisfaction of any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action, or in connection with any other proceeding, administrative, judicial or otherwise, with the exception of Plaintiff's potential action against DOCCS and the State of New York relating to the insertion and operation of a mesh hernia medical device, provided that such potential action does not allege claims that relate in any way to: (a) the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in this Action; or (b) the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Notice of Intention to File a Claim filed by Plaintiff in the New York State Court of Claims, dated June 12, 2015, a copy of which is annexed hereto as Exhibit B. The foregoing payment shall be made payable to Nicole Bellina, Esq., and mailed to: Nicole Bellina, 475 Atlantic Avenue, 3rd floor, Brooklyn, NY 11217.

### 3. State Approval of Payments

Payment of the settlement amount specified in Paragraph 2 of this Agreement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. In the event such approval is not obtained, this Agreement shall be null, void, and of no further force and effect.

### 4.     Accrual of Interest

In the event that payment of the settlement amount specified in Paragraph 2 of this Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day. If applicable, the provisions referenced in Chapter 62 of the Laws of 2001, as amended (commonly known as "the Son of Sam Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including, but not limited to Section 632-a of the New York Executive Law and Section 8(12-g) of the New York State Finance Law, may be applicable to payment by Represented Defendants hereunder.

### 5.     Liability of Plaintiff and Plaintiff's Attorneys for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Agreement shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants, the Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff and Plaintiff's attorneys agree that they will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies,

departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 6. Liability of Plaintiff and Plaintiff's Attorneys for Liens

Plaintiff and Plaintiff's attorneys agree that neither Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Agreement. Plaintiff and Plaintiff's attorneys shall have no claim, right, or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

### 7. Medicare Certification

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form

annexed hereto as Exhibit A, to the OAG. Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Agreement, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Agreement.

### 8.     Liability of Plaintiff for Any Medicare Payments and/or Liens

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or Department of Corrections and Community Supervision and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Agreement. Upon receipt of all required documentation under Paragraphs 3, 4, and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

### 9.     General Release

In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges each of the Defendants, the State of New York, and the New York State Department of Corrections and Community Supervision (including, but not limited to, any and all

agencies, departments, and subdivisions thereof), and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including but not limited to: (a) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in this Action; (b) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Notice of Intention to File a Claim filed by Plaintiff in the New York State Court of Claims, dated June 12, 2015, a copy of which is annexed hereto as Exhibit B; (c) any and all claims regarding or arising directly or indirectly from either plaintiff's association with any of the Released Parties or the terms and conditions of his association with any of the Released Parties, including but not limited to, his incarceration in the New York State Department of Corrections and Community Supervision system; (d) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local

8

law relating to plaintiff's incarceration in the New York State Department of Corrections and Community Supervision system. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement. Exempted from Paragraph 9 shall be Plaintiff's potential action against DOCCS and the State of New York relating to the insertion and operation of a mesh hernia medical device, provided that such potential action does not allege claims that relate in any way to: (a) the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in this Action; or (b) the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Notice of Intention to File a Claim filed by Plaintiff in the New York State Court of Claims, dated June 12, 2015, a copy of which is annexed hereto as Exhibit B.

### 10.  No Other Action or Proceeding Commenced

Other than the Action, the Notice of Intention to File a Claim filed by Plaintiff in the New York Court of Claims, dated June 12, 2015, and attached hereto as Exhibit B, and Plaintiff's potential action against DOCCS and the State of New York relating to the insertion and operation of a mesh hernia medical device, provided that such potential action does not allege claims that relate in any way to: (a) the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in this Action; or (b) the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Notice of Intention to File a Claim, a copy of which is annexed hereto as Exhibit B, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge,

complaint, grievance, or proceeding of any kind against Defendants, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Represented Defendants to enter into this Agreement.

### 11. No Other Attorney

The undersigned attorneys for Plaintiff represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The undersigned attorneys for Plaintiff agree to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

### 12. No Prevailing Party

Neither Plaintiff nor Represented Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 13. Successors and Assigns

The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 14. Authority

Each signatory to this Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

### 15. Voluntary Agreement

The parties hereto execute and deliver this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. The parties hereto acknowledge that he, she or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

### 16. No Admission of Liability

It is understood and agreed that any action taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Agreement and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action. Nothing contained in this Agreement shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any

and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

### 17. No Precedential Value

This Agreement shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop Represented Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

### 18. Entire Agreement

This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19. Governing Law

The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of

New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Agreement.

### 20. Severability

If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 21. Headings

The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.

### 22. Execution

This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one Agreement, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Agreement and accept and agree to the provisions contained herein, and have each executed this Agreement to be effective on the day and date indicated below.

THIS AGREEMENT INCLUDES A RELEASE
OF ALL KNOWN AND UNKNOWN CLAIMS

Dated: New York, New York
August 31, 2017

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
*Attorney for Defendants Wiand, Phipps, Murdoch, Eddy, Gammone, Childress, and Cerrato*

_____
Kacie A. Lally
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8599

Dated: New York, New York
August 18, 2017

*Attorney for Plaintiff*

_____
Nicole Bellina
Stoll, Glickman & Bellina LLP
475 Atlantic Avenue, 3rd floor
Brooklyn, NY 11217
(718) 852-3710

14

Dated: Stormville, New York
       8 . 15, 2017

*Plaintiff*

_____
Vincent Rosa

### ACKNOWLEDGMENT

On the 15TH day of August, 2017, before me came, plaintiff, Vincent Rosa, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

_____
Notary Public

CHRISTINA M PETERSON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE6347329
Qualified in Dutchess County
My Commission Expires 08-29-2020

**SO ORDERED:**

Dated: New York, New York
       8  31, 2017

_____
Paul A. Engelmayer
U.S.D.J.

15